UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES P. LALLEY,

                            Plaintiff,                    DECISION AND ORDER

vs.
                                                          19-CV-01571 (MAV)

D'YOUVILLE COLLEGE,

                            Defendant.

---

## I. INTRODUCTION

In September 2018, Defendant D'Youville College ("the College") terminated the employment of several faculty members in its Education Department, including that of Plaintiff James P. Lalley. Compl., Nov. 19, 2019, ECF No. 1 at ¶ 12. In November 2019, after unsuccessful claims with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC"), Lalley filed the instant action against the College, alleging violation of the Age Discrimination in Employment Act. Compl. at ¶ 5–9.

The matter is presently before the Court on the College's motion for summary judgment. Mot. for Summ. J., Nov. 29, 2023, ECF No. 16. For the reasons discussed below, the College's motion is granted, and the Clerk of Court is directed to close this case.

## II. BACKGROUND

Lalley was a full-time faculty member and tenured full professor in the College's Education Department. Def. Statement of Facts, Nov. 29, 2023, ECF No. 16-

1, ¶ 2; Pl. Resp., Mar. 19, 2024, ECF No. 20-1, ¶ 2. By late 2016, student enrollment in the Department had declined significantly. For instance, minutes from a November 2016 Board of Trustees meeting indicated that the College "enrolled more than 1,000 education majors less than 10 years ago," but that enrollment in 2016 was down to 60 students. Pl. Resp., Ex. N, Mar. 19, 2024, ECF No. 20-15 at 7. This decrease in enrollment raised questions about the Department's ability to maintain its accreditation, and led the College to suspend the Department's programs. Def. Statement of Facts at ¶ 3–4; Pl. Resp. at ¶ 3–4; Pl. Resp., Ex. N. at 6–7.

With the Department's programs suspended, the faculty was tasked with restructuring existing education programs and researching new programs. Def. Statement of Facts at ¶ 5; Pl. Resp. at ¶ 4; Pl. Resp., Ex. N. at 7. Despite the faculty's efforts in this regard, the College notified the faculty in August 2018 that the Education Department was being discontinued, and that their employment would be terminated the following month. Def. Statement of Facts at ¶ 5–6; Pl. Resp. at ¶ 5–6. On September 7, 2018, Lalley's employment was terminated. Compl. at ¶ 12.

In January 2019, the College offered an online Masters in Curriculum and Instruction program. Def. Statement of Facts at ¶ 9–10; Pl. Resp. at ¶ 9–10. Lalley alleges that this program was developed by faculty members of the Education Department before the termination of their employment (Pl. Resp. at ¶ 9), but the College states that it did not receive approval from the New York State Education Department until October 2018. Def. Statement of Facts at ¶ 9. In any event, Lalley

does not dispute that the program served only three students during the relevant period, was only offered online, and was taught by part-time adjunct faculty and qualified administrators at the College. Def. Statement of Facts at ¶ 11; Pl. Resp. at ¶ 11–12.

Based on the College's offering of the Curriculum and Instruction program, the union representing faculty members such as Lalley filed a grievance under their collective bargaining agreement, arguing that the terminated Education Department faculty should have been rehired to teach the program. Def. Statement of Facts at ¶ 12; Pla. Resp. at ¶ 12. However, the matter went to binding arbitration, and the College prevailed. *Id.*

On November 19, 2019, Lalley filed a charge of discrimination with the New York State Division of Human Rights, in which he alleged age discrimination in violation of New York State Human Rights Law. Compl. at ¶ 6. He also filed a claim with the EEOC. Compl. at ¶ 7. The New York State Division of Human Rights found "No Probable Cause" for Lalley's claim, and the EEOC dismissed Lalley's claim but issued a right to sue letter. Compl. at ¶ 9.

Lalley filed his complaint in the present action on November 19, 2019, alleging that the College violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq*. On November 23, 2023, the College filed the motion for summary judgment now before the Court. Mot. for Summ. J., ECF No. 16.

## III. STANDARD OF REVIEW

Courts must take an extra measure of caution in evaluating employment discrimination claims because "direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir. 2006). Nevertheless, the general principles underlying summary judgment apply "even in the fact-intensive context of discrimination cases." *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

The Federal Rules of Civil Procedure provide that summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *Zenie v. Coll. of Mount Saint Vincent*, No. 20-3535-CV, 2021 WL 6105373, at *1 (2d Cir. Dec. 21, 2021) (quoting *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017)) (citation and internal quotation marks omitted). In other words, "the trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

"When the nonmoving party will bear the ultimate burden of proof at trial, the

4

moving party's burden is satisfied if it can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Pavel v. Plymouth Mgmt. Grp., Inc.*, 198 F. App'x 38, 40 (2d Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Once a movant has made that showing, the opposing party "must show the presence of a genuine issue by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." *Ross v. New Canaan Env't Comm'n*, 532 F. App'x 12, 13 (2d Cir. 2013) (quoting *United States v. Rem*, 38 F.3d 634, 643 (2d Cir.1994)) (internal quotation marks omitted).

Where the moving party has demonstrated entitlement to judgment as a matter of law, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). Rather, a "party asserting that a fact . . . is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)–(2).

## IV. DISCUSSION

In its motion, the College argues that Lalley has failed to satisfy his burden of proof for an ADEA claim. Def. Mem., Nov. 23, 2023, ECF No. 16-4 at 7–15. In response, Lalley contends that the College is not entitled to summary judgment

because it has not met its burdens of both production and persuasion regarding the reason for its termination of Lalley and the other members of the Education Department. Pl. Mem., Mar. 19, 2024, ECF No. 20, 2.

After a thorough review of the record, the Court finds that despite Lalley's arguments to the contrary, the College has demonstrated an absence of evidence on an essential element in Lalley's ADEA claim, and Lalley has failed to come forward with specific evidence demonstrating a genuine issue of material fact.

## A. Elements of an ADEA Claim

Under the private sector provision of the ADEA, it is unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). The class of persons protected by this statute is limited to individuals who are at least 40 years of age. 29 U.S.C. § 631(a).

To prevail on an action under this provision of the ADEA, "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). That is, "it is not sufficient for a plaintiff to show 'that age was simply a motivating factor' in the employer's adverse action." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021) (citing *Gross*, 557 U.S. at 174). "Instead, 'the ADEA's requirement that an employer took adverse action 'because of' age [requires] that age was the

'reason' that the employer decided to act." *Lively*, 6 F.4th at 303 (quoting *Gross*, 557 U.S. at 176).[1]

The plaintiff may satisfy this burden in one of two ways: (1) direct evidence of discrimination, or (2) indirect evidence. *See Woodman v. WWOR-TV*, Inc., 411 F.3d 69, 76 (2d Cir. 2005). Where there is no direct evidence of discrimination, the Second Circuit has held that the claims should be evaluated under the three-step, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (noting that the Supreme Court's decision in *Gross* eliminated "mixed motive" ADEA claims, but did not reject the *McDonnell Douglas* burden-shifting framework).

Under the *McDonnell Douglas* framework, "the plaintiff bears the initial burden of establishing a prima facie case of discrimination . . . . If the plaintiff does so, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action . . . . Once such a reason is provided, the

---

[1] At oral argument, counsel for the College suggested that this analysis may have been altered by the Supreme Court's decision in *Babb v. Wilkie*, 589 U.S. 399 (2020). The Court disagrees. *Babb* distinguishes between the private sector provision of the ADEA at 29 U.S.C. § 623(a) at issue in the present case, and the public sector provision at 29 U.S.C. § 633a(a) at issue in *Babb*. *Babb*, 589 U.S. at 410–11. Whereas *Babb* acknowledged that § 623(a) as interpreted in *Gross* required Plaintiff to prove that age was the but-for cause of the employer's adverse action, the decision held that § 633a(a) "demands that personnel actions [by federal-sector employers] be untainted by *any* consideration of age." *Babb*, 589 U.S. at 402, 410 (emphasis added). This demand reflected Congress's desire to "deliberately prescribe[ ] distinct statutory scheme applicable only to the federal sector" in order "to hold the Federal Government to a higher standard than state and private employers . . . ." *Babb*, 589 U.S. at 412.

plaintiff can no longer rely on the prima facie case, but may still prevail if [ ]he can show that the employer's determination was in fact the result of discrimination." *Gorzynski*, 596 F.3d at 106 (internal citations and quotation marks omitted).

## B. Direct Evidence

The College maintains that Lalley has not provided direct evidence to support his claims of age discrimination. *See* Def. Reply, Apr. 18, 2024, ECF No. 22-1, 5. Lalley argues, however, that he has provided direct evidence of the College's discriminatory intent in the form of a verified complaint filed in another case against the College in 2018 by an unrelated plaintiff. Pl. Mem. at 12–13.

Specifically, Lalley references the verified complaint filed in *Olivieri v. D'Youville College*, Case No. 1:18-CV-01026-CCR (W.D.N.Y.), Sept. 17, 2018, ECF No. 1. In that case, the plaintiff declared that the College's "officers have made many statements to the effect that [the College] wants 'fresh young eyes,'" including stating publicly that it terminated the plaintiff's employment because it wanted "fresher younger eyes," and "want[ed] younger faculty to have a chance at upward mobility." Pl. Mem. at 13. Lalley argues that this is direct evidence of age discrimination because a verified complaint has the same effect as an affidavit, and because the complaint "demonstrates explicit statements of intent" to discriminate made by the College. Pl. Mem. at 13.

But the verified complaint in *Olivieri* does not qualify as factual support for Lalley's position under the requirements of Fed. R. Civ. P. 56(c). As noted above, Fed.

R Civ. P 56(c)(A) requires that "a party asserting that a fact is genuinely disputed must support that assertion by . . . citing to particular parts of materials *in the record* . . . ." (emphasis added). Here, although the *Olivieri* complaint is cited in Lalley's brief, it is not part of the record proper. *See* Pl. Resp. in Opp., Mar. 19, 2024, ECF Nos. 20-1 – 20-36.

Moreover, even if the *Olivieri* complaint did satisfy the requirements of Fed. R. Civ. P. 56(c), it would not serve as direct evidence supporting Lalley's claim. Direct evidence is based on personal knowledge or observation and, "if true, proves a fact without inference or presumption." EVIDENCE, Black's Law Dictionary (12th ed. 2024). It suggests a "close nexus between the statements and the discriminatory act complained of . . . ." *Cartagena v. Ogden Servs. Corp.*, 995 F. Supp. 459, 463 (S.D.N.Y. 1998) (discussing, among other cases, *Woroski v. Nashua Corp.*, 31 F.3d 105 (2d Cir. 1994), which upheld summary judgment in favor of the employer on an ADEA claim where the employer showed a proper business motivation for a large-scale downsizing and there was an absence of evidence that the downsizing was in any way infected by age bias).

There is no such close nexus here, where the *Olivieri* complaint did not specify precisely who made the statements or how many such statements were made, or provide enough context to discern whether the alleged remarks by College "officers" were limited to the plaintiff's particular situation or reflected a general policy. As Judge Vilardo pointed out in a similar case brought against the College in this

9

district, which also pointed to the *Olivieri* complaint as direct evidence, "the evidence [plaintiff] cites is nothing more than the assertions of a plaintiff in another case that some unnamed 'officers' at [the College] 'made many statements' at some unnamed time and place . . . . That is far from direct evidence of discrimination." *DeWaters v. D'Youville Coll.*, No. 20-CV-29-LJV-MJR, 2024 WL 69844, at *8 (W.D.N.Y. Jan. 5, 2024).

## C. Indirect Evidence

In addition to an absence of direct evidence, the College maintains that Lalley has failed to identify indirect evidence of age discrimination. First, the College argues that Plaintiff has failed to establish a prima facia case of discrimination because "the record is devoid of evidence showing that his employment was terminated under circumstances giving rise to an inference of age discrimination." Def. Mem. at 8. Second, the College argues that the discontinuation of the Education Department due to significantly decreased student enrollment was a legitimate, nondiscriminatory reason for terminating Lalley's employment, and that Lalley has failed to demonstrate that its articulated rationale for his termination was a pretext for age discrimination. Def. Mem. at 11–15.

Lalley argues, however, that he *has* established a prima facie case, and that the legitimacy of the College's explanation for his termination is a question for the jury that cannot be answered on summary judgment. Pl. Mem. at 14–18.

The Second Circuit has identified four elements a plaintiff must show to establish a prima facie case of discrimination: "(1) that [ ]he was a member of a protected class, (2) that [ ]he was qualified for the position, (3) that [ ]he experienced an adverse employment action, (4) under circumstances giving rise to an inference of discrimination." *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 316 (2d Cir. 1999). The Supreme Court has made clear that this burden is "not onerous." *Texas Dep't of Cmty. Affs. v. Burdine,* 450 U.S. 248, 253 (1981). *See also Roge v. NYP Holdings, Inc.,* 257 F.3d 164, 168 (2d Cir. 2001) (describing the burden of presenting a prima facie case as "minimal").

Even assuming *arguendo* that Lalley succeeds in showing a prima facie case, summary judgment is still appropriate here because the College has presented a legitimate nondiscriminatory reason for terminating Lalley, and Lalley has failed to demonstrate that this reason was just a pretext for age discrimination. *See Ostrowski v. The Port Auth. of New York & New Jersey*, No. 23-1116, 2024 WL 3219310, at \*2 (2d Cir. June 28, 2024) ("Ostrowski's ADEA claim fails because, even assuming he can assert a prima facie case of age discrimination, he cannot prove that his age was the but-for cause of the adverse employment actions.").

The Second Circuit has consistently held that a reduction in force – a layoff for economic reasons – constitutes a legitimate, nondiscriminatory reason for termination of employment. *See, e.g., Delaney v. Bank of America Corp.*, 766 F.3d 163, 168 (2d Cir. 2014) (citing *Roge,* 257 F.3d at 168–69; *Carlton v. Mystic Transp., Inc.,*

11

202 F.3d 129, 136 (2d Cir. 2000)). The College has provided just such evidence, submitting a declaration from College President Lorrie Clemo stating that the Education Department was discontinued, and the department faculty laid off, because "it made no economic or practical sense to continue a program with such enrollment challenges." Def. Statement of Facts at ¶ 5 (citing Clemo Decl., ECF No. 16-3 at ¶ 8).

Although Lalley maintains that the credibility of the College's statement in this regard must be weighed by a jury, he has pointed to no evidence that would suggest this explanation was just a pretext for age discrimination. *Zenie*, 2021 WL 6105373, at *1 ("because [the plaintiff] . . . presents no evidence that the College's [personnel decision] was pretext for discrimination, we must defer to the College's judgment"). In fact, Lalley himself agreed that the Department experienced a significant decline in enrollment that had the potential to impact its accreditation. *See* Lalley Deposition, Nov. 29, 2023, ECF No. 16-2, at 7-12. Concern about the decline in enrollment was also reflected in the Board of Trustees minutes discussed above (Pl. Resp., Ex. N, ECF No. 20-15 at 7), and in "a very brief history" of the College's Education Department authored by faculty chairperson Hilary Lochte in February 2017. Clemo Decl., Ex. A., ECF No. 16-3 at 7.

Further, even if Lalley could present the evidence from the *Olivieri* case by calling the plaintiff as a witness here, that evidence would not support an inference of age discrimination under the ADEA: "Comments about another employee's age,

12

removed from any context suggesting that they influenced decisions regarding [the plaintiff's] own employment, do not suffice to create a genuine issue of fact as to whether age was the but-for cause of . . . termination." *Delaney*, 766 F.3d at 170. Nor would it call in to question the fact that declining enrollment and decreased market demand played at least a part in Lalley's termination, which would be sufficient to find that the College did not violate the ADEA. *See, e.g., Gross*, 557 U.S. at 176 (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) ("explaining that the claim cannot succeed unless the employee's protected trait actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome")).

In short, the Court has considered whether the evidence submitted by the College in support of its motion, and by Lalley in opposition to the motion, "viewed in the light most favorable to the plaintiff, would permit a jury to find . . . . that age was the 'but-for' cause of the challenged adverse employment action." *Delaney*, 766 F.3d at 168–69 (citing *Gorzynski*, 596 F.3d at 106; *Gross*, 557 U.S. at 180). The Court finds that it does not. The record evidence establishes that the College eliminated the Education Department in September 2018 due at least in part to declining enrollment in its programs, and the consequent economic challenges of such a decline. While courts must ensure that employers do not act in a discriminatory fashion, they do "not sit as a super-personnel department that reexamines an entity's business

decisions." *Delaney*, 766 F.3d at 169 (quoting *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997)) (internal quotation marks omitted).

V. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the College's motion for summary judgment [ECF No. 16] is granted, and the complaint is dismissed. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:      October 2, 2024
            Rochester, New York

                                        ENTER:

                                        HON. MEREDITH A. VACCA
                                        United States District Judge